# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

IN RE JDS UNIPHASE CORPORATION
ERISA LITIGATION

Master File No. 03-04743 WWS

This Document Relates to:

ALL ACTIONS

ORDER

_____/

Plaintiffs Douglas Pettit and Alice Hodges-Toby, on behalf of the JDS Uniphase Corporation (JDSU) 401(K) Retirement Plan, the former OCLI 401(k) Retirement Plan, and a class of similarly situated current and former participants, move to dismiss JDSU's counterclaims. JDSU argues that claim releases signed by Pettit, Hodges-Toby, and other unnamed class members bar the plaintiffs' ERISA breach of fiduciary duty claims. JDSU's counterclaims lack merit.

Pettit and Hodges-Toby received severance packages from JDSU that included release agreements. The agreements stated: "you completely release from and agree not to file, cause to be filed, or otherwise pursue against the company, its affiliated, related, parent or subsidiary corporations, and its present and former directors, officers, and employees any and all claims you may now have or have ever had against the Company." JDSU argues that the plaintiffs' §§ 502(a)(2) and (a)(3) ERISA claims are covered by the releases.

The releases signed by Pettit, Hodges-Toby, and other employees do not bar ERISA fiduciary duty claims brought by plan beneficiaries on behalf of the plan. *Bowles v. Reade*,

198 F.3d 752, 759-61 (9th Cir. 1999), is in point. In *Bowles*, a plan beneficiary reached a settlement agreement with a trustee regarding various breach of fiduciary duty claims. *Id.* at 756-57. Based on the settlement agreement, the defendant trustee sought to dismiss with prejudice all of the beneficiary's claims. *Id.* The district court, however, construed the settlement agreement to release "only those claims legally brought by Plaintiff Bowles." *Id.* at 757. The district court held that "Bowles [could not] and did not release the Plans' claims against Defendant Reade." *Id.* at 757. The Ninth Circuit affirmed the district court's treatment of the settlement, holding that "[b]ecause Bowles's [fiduciary duty] claims are not truly individual, it was proper for the district court to conclude that Bowles could not settle them without The Plans' consent."[1] *Id.* at 760. The court held that the district court properly allowed Bowles to remain "as a plaintiff in her representative capacity on behalf of the Plans and the participants notwithstanding their release of her individual claims against Ms. Reade." *Id.* at 761.

Here, as in *Bowles*, the plaintiffs seek the restoration of the plans' losses. *Compare* Second Amended Consolidated Complaint for Violations of ERISA (2d Am. Compl.) Prayer for Relief C-G *with Bowles*, 198 F.3d at 759 n.3. Although the plaintiffs request that funds recovered by the plans be proportionally allocated to individual accounts, *see* 2d Am. Compl. Prayer for Relief F-G, the claims are not on behalf of individual beneficiaries.

---

[1] Ninth Circuit cases have recognized, in different contexts, the right of individual beneficiaries to assert ERISA claims in their individual capacity. *See Comer v. Micor, Inc.*, 436 F.3d 1098, 1103 (9th Cir. 2006) (arbitration agreement); *Landwehr v. DuPree*, 72 F.3d 726, 732 (9th Cir. 1995) (statute of limitations); *but see Kayes v. Pac. Lumber Co.*, 51 F.3d 1449, 1462 (9th Cir. 1995) ("ERISA grants no private right of action by a beneficiary *qua* beneficiary; rather, it accords beneficiaries the right to sue on behalf of the entire plan if a fiduciary breaches the plan's terms." (citation omitted)). But neither case diminishes the authority of *Bowles* with respect to the effect of individual releases on derivative ERISA claims.

> A retirement plan, like the Plan at issue here, is nothing more than an aggregation of its participant's [sic] individual accounts, and therefore any loss to the Plan will have caused a loss to some or all of the plan's individual accounts. It follows that any recovery through a suit brought on behalf of a plan pursuant to ERISA § 502(a)(2) and § 409(a) will redound to the ultimate benefit of those participants' individual accounts affected by the fiduciary's breach.

*DiFelice v. US Airways, Inc.*, 235 F.R.D. 70, 76 (E.D. Va. 2006) (*citing In re Schering-Plough Corp.* 420 F.3d 231, 241 (3rd Cir. 2005)).  Moreover, in alleging that the defendants failed to disclose complete and truthful material information, the plaintiffs base their claim on conduct directed at all plan beneficiaries, not particular individuals.  *See, e.g.,* 2d Am. Compl. ¶¶ 6, 141, 158.  The plaintiffs allege plan-wide fiduciary wrongdoing and seek plan-wide relief. Employees' individual releases, therefore, do not bar the present claims.

Accordingly plaintiffs' motion to dismiss JDSU's counterclaims is **GRANTED**.

IT IS SO ORDERED.

September __11__, 2006

_____
WILLIAM W SCHWARZER
SENIOR UNITED STATES DISTRICT JUDGE