1

2

3

4

5

6

7

8                          **UNITED STATES DISTRICT COURT**

9                    **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

10

11   **IN RE JDS UNIPHASE CORPORATION**              **Master File No. 03-04743 WWS**
     **ERISA LITIGATION**

12   **This Document Relates to:**
                                                      **ORDER**
13   **ALL ACTIONS**
     _____/

14

15          Defendant JDS Uniphase Corporation (JDSU) moves for summary judgment against

16   plaintiffs Douglas Pettit and Eric Carey, who filed suit on behalf of the JDSU 401(K) Retirement

17   Plan, the former OCLI 401(k) Retirement Plan, and a purported class of similarly situated

18   current and former participants.  Additionally, plaintiffs Pettit and Carey move for class

19   certification.  The Court will deny the motion for summary judgment against Pettit and defer

20   decision of the remaining motions.

21          As part of his severance package from JDSU, plaintiff Pettit signed a release stating:

22   "you completely release from and agree not to file, cause to be filed, or otherwise pursue

23   against the company, . . . any and all claims you may now have or have ever had against the

24   Company."  JDSU contends that Pettit lacks Article III standing because the release covers any

25   interest Pettit had in the plans, and therefore any harms suffered by Pettit cannot be redressed

26   through a suit on behalf of those plans.

27          This argument is largely a rehash of the breach of contract argument made by JDSU in

28   its counterclaims, and which the court addressed in the Order of Sept. 11, 2006 dismissing

1  those counterclaims.  There is no reason to deviate from the reasoning of that order here.  In

2  short, JDSU's argument is foreclosed by the Ninth Circuit's decision in *Bowles v. Reade*, 198

3  F.3d 752 (9th Cir. 1999), in which the court observed that despite Bowles' having released her

4  individual claims, it was proper for her to "remain[] as a plaintiff in her representative capacity on

5  behalf of The Plans and the participants." *Id.* at 761.  Had Bowles been able to release her

6  ability to benefit through a successful suit on behalf of the plans, she would no longer have

7  been a proper representative.  Similarly, Pettit has Article III standing because he released only

8  his individual claims, retaining his ability to receive redress through the plans.

9       JDSU also argues that Carey lacks standing under *Kuntz v. Reese*, 785 F.2d 1410 (9th

10  Cir. 1986), because he is no longer a JDSU employee and has previously received distribution

11  of his vested benefits.  *Kuntz*, however, addressed a situation in which plaintiffs were former

12  participants in a "defined benefits plan" where success in the suit would not result in an increase

13  in the benefits retroactively owed to plaintiffs.  *See id.*  After *Kuntz*, this District addressed the

14  "defined contribution plan" situation in *Vaughn v. Bay Envtl. Mgmt., Inc.*, No. 03-5725, 2005 WL

15  2373718 (N.D. Cal. Sept. 26, 2005), *appeal docketed*, No. 05-17100 (filed Oct. 26, 2005),

16  holding that a plaintiff in a situation analogous to Carey's was likewise seeking damages, and

17  therefore had no standing under ERISA.  As the issues surrounding Carey's standing will likely

18  be disposed of by the Ninth Circuit in *Vaughn*, the Court will defer ruling on Carey's standing

19  pending disposition of that appeal.

20       Finally, plaintiffs move for class certification of the following class:

21  All persons who were participants in or beneficiaries of the JDS Uniphase
   Corporation Employee 401(k) Retirement Plan ("JDSU Plan") and the former
22  OCLI 401(k) Plan ("OCLI Plan") whose individual accounts in these Plans held
   shares of JDS Uniphase Corporation ("JDSU") common stock and/or a fund
23  invested in JDSU common stock (collectively, "JDSU Stock" "Stock," or "Fund")
   between February 4, 2000 and September 30, 2003 (the "Class Period").
24
25       Because there are significant factual questions that reflect on the proper scope of the

26  class, including class representatives, period, and membership, a ruling on this motion will be

27  deferred pending further discovery.

28                                    -2-

1    Accordingly, defendant's motion for summary judgment against plaintiff Douglas Pettit

2 for lack of Article III standing is **DENIED**.

3    IT IS SO ORDERED.

4

5

6 April 24, 2007

7                              WILLIAM W SCHWARZER
                              SENIOR UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                    -3-