[Counsel Listed on Signature Pages]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re JDS UNIPHASE CORPORATION ERISA LITIGATION<br><br>This Document Relates To:<br><br>   ALL ACTIONS | No. C-03-04743 WWS<br><br>[PROPOSED] ORDER REGARDING CONFIDENTIALITY |

[PROPOSED] ORDER REGARDING CONFIDENTIALITY
Master File No. C-03-04743 WWS
sf-2329894

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Order.

1. DEFINITIONS

1.1 <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

1.2 <u>"Confidential" Information or Items</u>: Disclosure or Discovery Material that is non-public and that a party in good faith believes must be held confidential to protect personal privacy interests or proprietary commercial or business information, including trade secrets.

1.3 <u>"Highly Confidential" Information or Items</u>: "Confidential" Information or Items, the disclosure of which the Producing Party in good faith believes would create a substantial risk of serious injury that could not be avoided by less restrictive means.

1.4 <u>Receiving Party</u>: a party that receives Disclosure or Discovery Material from a Producing Party.

1.5 <u>Producing Party</u>: a party or non-party that produces Disclosure or Discovery Material in this action.

1.6 <u>Designating Party</u>: a party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential."

1.7 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential," either by parties or non-parties in this action or in the related securities class action entitled *In re JDS Uniphase Corp. Securities Litigation*, C-02-1486 CW (EDL).

[PROPOSED] ORDER REGARDING CONFIDENTIALITY
Master File No. C-03-04743 WWS
sf-2329894

1

1.8 Outside Counsel: attorneys who are not employees of a party but who are retained to represent or advise a party in this action.

1.9 In-house Counsel: attorneys who are employees of a party.

1.10 Counsel (without qualifier): Outside Counsel and In-house Counsel (as well as their support staffs).

1.11 Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a party or its counsel to serve as an expert witness or as a consultant in this action.

1.12 Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

2. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof (whether in written, computer or other form), plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material; provided, however, that the use of Protected Material that is to be offered into evidence in any public hearing or proceeding, including trial, shall be governed solely by the provisions of Paragraphs 6.2(d), 6.3(d) and 6.7.

3. DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until each Designating Party agrees otherwise in writing or a court order otherwise directs.

4. DESIGNATING PROTECTED MATERIAL

4.1 Marking of Protected Material (Other Than Deposition Transcripts): Any party to this litigation, or non-party who produces Disclosure or Discovery Material, shall

[PROPOSED] ORDER REGARDING CONFIDENTIALITY
Master File No. C-03-04743 WWS
sf-2329894

2

1  have the right to designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" any
2  Protected Material it produces. All Protected Material shall bear a legend on each page stating
3  that the material is "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." In order to speed
4  the process of producing large volumes of Protected Material, multi-page documents in which
5  Protected Material is pervasive may be marked "CONFIDENTIAL" or "HIGHLY
6  CONFIDENTIAL" throughout, with the understanding that portions of those documents not
7  containing Protected Material can be de-designated through the meet-and-confer process of
8  Paragraph 5.2. Where it is not possible to affix a legend to particular Protected Material, the
9  Producing Party shall take reasonable steps to give all Receiving Parties notice of its status as
10 Protected Material. Where a computer disk has been marked as Protected Material and the
11 files on it are not individually bates-numbered or identified as Protected Material, all files
12 contained on the disk shall be considered Protected Material.Mass, indiscriminate, or
13 routinized designations are prohibited. Designations that are shown to be clearly unjustified,
14 or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the
15 case development process, or to impose unnecessary expenses and burdens on other parties),
16 expose the Designating Party to sanctions. If it comes to a party's or a non-party's attention
17 that Disclosure or Discovery Material designated as Protected Material does not qualify for
18 protection at all, or does not qualify for the level of protection initially asserted, that party or
19 non-party must promptly notify all other parties that it is withdrawing the mistaken
20 designation.

21          4.2     Depositions: Deposition testimony may be classified as Protected
22 Material at the deposition, or at any time during a review period of up to and including 30 days
23 after receipt of the official transcript of such testimony by counsel for the party whose
24 information has been disclosed, or in the case of non-parties or others whose information has
25 been disclosed, up to and including 30 days after the transcript is available for review,
26 whichever period is longer. Each deposition transcript in its entirety shall be treated as having
27 been designated "HIGHLY CONFIDENTIAL" during the review period. Designations of
28 Protected Material made during the deposition will be reasonably identified at the beginning of

[PROPOSED] ORDER REGARDING CONFIDENTIALITY          3
Master File No. C-03-04743 WWS
sf-2329894

the deposition transcript when produced. Designations of Protected Material made during the review period will be made in writing served on all parties. It will be the responsibility of counsel of record to take reasonable steps to make sure that Protected Material in deposition transcripts is used only as expressly permitted in this Order. Party representative(s) attending any deposition will be temporarily excused from the deposition room at times when testimony then being designated by another party as "HIGHLY CONFIDENTIAL" is being given. Expert witnesses who have been retained in accordance with the provisions of paragraph 6.4 and who have signed the "Expert Agreement to Be Bound by Order" (Exhibit A) may attend depositions in their entirety.

        4.3    <u>Contractual Obligations to Non-Parties</u>: During the course of this action, a party may be requested to produce information that is subject to contractual or other obligations of confidentiality owed to a non-party. The party subject to the contractual or other obligation of confidentiality shall timely contact the person to whom the obligation is owed to determine whether that person is willing to permit disclosure of the confidential information under the terms of this Order. If that person is willing, the information shall be produced in accordance with this Order. If the person to whom the obligation is owed is not willing to permit disclosure of the confidential information under the terms of this Order, the party seeking the information in this litigation shall be notified, and any documents withheld on the basis of a contractual or other confidentiality obligation shall be identified on a separate index stating the reason for withholding the document and the person to whom the obligation of confidentiality is owed. This Order shall not preclude any party from moving the Court for an order compelling production of such material.

        4.4    <u>Re-Designation</u>: Inadvertent production of any Protected Material without a designation of confidentiality will not, standing alone, be deemed to waive a later claim as to its proper designation, nor will it prevent the Producing Party from designating said document or material "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" at a later date. The Producing Party shall comply with Paragraph 4.1 when redesignating Disclosure or Discovery Material as Protected Material. Following any redesignation of Disclosure or

Discovery Material as Protected Material (or redesignation of "CONFIDENTIAL" material as "HIGHLY CONFIDENTIAL"), the party receiving such Protected Material shall take reasonable steps to comply with the redesignation including, without limitation, retrieving all copies and excerpts of any redesignated Protected Material from persons not entitled to receive it. However, the Receiving Party shall not be obligated to remove from the public record any Disclosure or Discovery Material that had been filed with the Court as part of the public record prior to the Producing Party's redesignation of that Disclosure or Discovery Material as Protected Material. The Producing Party may move to have any such document sealed.

5. <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

5.1 <u>Timing of Challenges:</u> A party does not waive its right to challenge a confidentiality designation merely by electing not to mount a challenge promptly after the original designation is disclosed.

5.2 <u>Meet and Confer</u>: A party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice-to-voice dialogue) with counsel for the Designating Party. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the Protected Material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging party may proceed to the next stage of the challenge process only if it has engaged in this meet-and-confer process first.

5.3 <u>Judicial Intervention</u>: A party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge. Each motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet-and-confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality

[PROPOSED] ORDER REGARDING CONFIDENTIALITY
Master File No. C-03-04743 WWS
sf-2329894

5

designation that was given by the Designating Party in the meet-and-confer dialogue. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Information classified as Protected Material shall retain its Protected Material status as well as its category of designation until such time as this Court enters an order reclassifying such material or stripping it of its Protected Material status; the time to seek review of the Court's order has expired, no appeal having been taken; or in the event review is sought, the reviewing court has completed its review and rendered a decision on the matter.

6. ACCESS TO AND USE OF PROTECTED MATERIAL

6.1 Basic Principles: A Receiving Party may use Protected Material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. It may not use Protected Material for any other purpose, including, without limitation, any other litigation or any business, competitive, or governmental purpose or function. Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 7 below, (FINAL DISPOSITION).

Protected material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

6.2 Disclosure of "CONFIDENTIAL" Information or Items: Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) the former and current officers, directors, and employees (including In-house Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

(c) Experts (as defined by this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Expert Agreement to Be Bound by Order" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Non-Expert Agreement to Be Bound by Order" (Exhibit B);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary. All deposition witnesses to whom such material has been disclosed shall be provided with a copy of this Order, and shall be subject to its provisions. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Order; and

(g) the author of the document; a person identified in the document as the source of the "CONFIDENTIAL" information; a person identified in the document as someone to whom the document, or a draft thereof, was distributed; or a member (at the time of the distribution) of a group to which the document shows it was distributed, including, but not limited to, a document addressed to a group by that group's designation.

6.3 Disclosure of "HIGHLY CONFIDENTIAL" Information or Items: HIGHLY CONFIDENTIAL information is attorneys'-eyes only. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party's Outside Counsel of record may disclose any information or item designated "HIGHLY CONFIDENTIAL" only to:

(a) employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) Experts (as defined in this Order) (1) to whom disclosure is reasonably necessary for this litigation, and (2) who have signed the "Expert Agreement to Be Bound by Order" (Exhibit A);

[PROPOSED] ORDER REGARDING CONFIDENTIALITY
Master File No. C-03-04743 WWS
sf-2329894

7

|  |  |
|---|---|
| 1 | (c) the Court and its personnel; |
| 2 | (d) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Non-Expert Agreement to Be Bound by Order" (Exhibit B); and |
| 5 | (e) the author of the document; a person identified in the document as the source of the "HIGHLY CONFIDENTIAL" information; a person identified in the document as someone to whom the document, or a draft thereof, was distributed; or a member (at the time of the distribution) of a group to which the document shows it was distributed, including, but not limited to, a document addressed to a group by that group's designation. |

6.4 **Additional Provisions Governing Experts:**

(a) Subject to the limitations set forth in subsection (b) of this paragraph, no representative plaintiff or its Counsel may retain an expert witness or consultant who: (i) is a current employee or consultant of JDS Uniphase; (ii) is a current employee or consultant of a Competitor (as defined in subparagraph (c) of this Paragraph) of JDS Uniphase or one of its predecessors; (iii) has been an employee or consultant of JDS Uniphase, one of its predecessors, or one of its Competitors within the eighteen months immediately prior to the date of his or her retention to perform work in connection with this case; or (iv) at the time of retention, Anticipates being employed or retained as a consultant by JDS Uniphase or one of its Competitors. For purposes of this subparagraph, "Anticipates" means has received a formal offer from, is negotiating a contract of employment or a consulting contract with, or has submitted an application or proposal within the preceding six months to JDS Uniphase or one of its Competitors.

(b) The restrictions imposed in subparagraphs (a)(ii) and (a)(iii) of this Paragraph shall not apply to professional jury or trial consultants.

(c) For purposes of this Paragraph, a "Competitor" of JDS Uniphase shall mean a company that engages in or, at any time during the eighteen months prior to the retention of the consultant or expert witness, engaged in one or more lines of business in which

[PROPOSED] ORDER REGARDING CONFIDENTIALITY
Master File No. C-03-04743 WWS
sf-2329894

8

JDS Uniphase or one of its predecessors was engaged at the time of the events alleged in the complaints in this action.

        (i)      Within 30 days of the date of entry of this Order, JDS Uniphase shall provide plaintiffs with a list of its Competitors (the "List of Competitors"), on which plaintiffs may rely in retaining consultants and expert witnesses, subject to the provisions of subparagraph (c)(ii) of this Paragraph, and subject to plaintiffs' right to file a motion challenging the designation of any entity as a Competitor under subparagraph (c)(iii) of this Paragraph.

        (ii)     JDS Uniphase may file a motion asserting that a particular consultant or expert retained by plaintiffs in conformity with the provisions of subparagraph (a) of this paragraph should not be allowed to serve in that capacity because the consultant or expert is, within the last eighteen months has been, or Anticipates being, employed or engaged by a Competitor of JDS Uniphase not identified as such on the List of Competitors. To prevail on such a motion, JDS Uniphase must demonstrate that it had good cause for failing to include the Competitor in question on its List of Competitors and that the company that the challenged expert has been employed by or consulted with meets the definition of a "Competitor" under paragraph 6.4(c). Plaintiffs reserve the right to oppose such a motion or to argue that the Court should impose conditions on the grant of the motion.

        (iii)    Plaintiffs may file a motion challenging the inclusion of a company on the List of Competitors. To prevail on such a motion, plaintiffs must demonstrate that the company in question does not meet the definition of a Competitor under subparagraph (c) of this Paragraph.

    (d)     Before the representative plaintiffs or their counsel disclose any Protected Material to an Expert, the Expert shall sign an Acknowledgement substantially in the form of Exhibit A, stating under penalty of perjury that the Expert:

        (i) agrees to be bound by the terms of this Order;

      (ii) is not a current employee or consultant and does not Anticipate becoming an employee or consultant of JDS Uniphase, of any company on the List of Competitors, or of any company that the Expert believes to be a Competitor; and

      (iii) has not been an employee or consultant within the eighteen months immediately preceding the Expert's retention in this litigation of JDS Uniphase, of a predecessor of JDS Uniphase, of any company on the List of Competitors, or of any company that the Expert believes to be a Competitor.

  6.5  <u>Protected Material Subpoenaed or Ordered Produced in Other Litigation</u>:

    (a)  If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," the Receiving Party must so notify the Designating Party, in writing (by fax or email, if possible) immediately and in no event more than three court days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.

    (b)  The Receiving Party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Order.  In addition, the Receiving Party must deliver a copy of this Stipulated Order promptly to the party in the other action that caused the subpoena or order to issue.

    (c)  The purpose of imposing these duties is to alert the interested parties to the existence of this Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.  The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its CONFIDENTIAL MATERIAL or HIGHLY CONFIDENTIAL MATERIAL, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

  6.6  <u>Unauthorized Disclosure of Protected Material:</u>

(a) If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Order, the Receiving Party must immediately contact the person to whom disclosure was made and:

(1) request that the person execute the "Expert Acknowledgement and Agreement to Be Bound" that is attached hereto as Exhibit A (if the person is an Expert) or the "Non-Expert Acknowledgement and Agreement to Be Bound" that is attached hereto as Exhibit B (if the person is a non-Expert); and

(2) unless the unauthorized disclosure is cured as provided for in paragraph 6.6(b), request that the person return the Protected Material to the Receiving Party.

(b) If the person is one to whom Protected Material may otherwise be disclosed under the terms of this Stipulated Order, the Receiving Party must within ten (10) days cure the unauthorized disclosure by following all procedures that this Stipulated Order would have required for an authorized disclosure of Protected Material to that person in the first instance.

(c) If, within ten (10) days of learning of the unauthorized disclosure, the Receiving Party is unable to obtain the person's signature on an "Expert Acknowledgement and Agreement to Be Bound" (if the person is an Expert) or a "Non-Expert Acknowledgement and Agreement to Be Bound" (if the person is a non-Expert), or to obtain return of the Protected Material, pursuant to paragraph 6.6(a), or to cure the unauthorized disclosure, pursuant to paragraph 6.6(b), the Receiving Party must immediately inform the Designating Party of the unauthorized disclosure and identify the person to whom the disclosure was made.

6.7 Using Protected Material in Court:

(a) Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a party may not file in the public record in this action any Protected Material. A party that seeks to file under seal any

[PROPOSED] ORDER REGARDING CONFIDENTIALITY
Master File No. C-03-04743 WWS
sf-2329894

11

Protected Material must comply with Civil Local Rule 79-5.  In the event that Protected Material is to be offered into evidence in any public hearing or proceeding, including trial, the offering party shall so notify the Court and the Court shall then consider what steps, if any, should be taken to protect the information.

6.8     <u>Own Use</u>:  Nothing contained herein shall prevent any Designating Party from disclosing its own Protected Material to any person as it deems appropriate.

7.     FINAL DISPOSITION

(a)     Unless otherwise ordered or agreed in writing by the Producing Party, or unless the Receiving Party elects to proceed under Paragraph 7(b), each Receiving Party, within sixty days after the final termination of this action, must return all Protected Material to the Producing Party.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material.

(b)     At its option, the Receiving Party may destroy some or all of the Protected Material instead of returning it.

(c)     Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty-day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Protected Material.

(d)     Notwithstanding any other provision in this paragraph, Counsel are entitled to retain one archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence, or attorney work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in Section 3 (DURATION), above.

[PROPOSED] ORDER REGARDING CONFIDENTIALITY
Master File No. C-03-04743 WWS
sf-2329894

12

8. **RIGHT TO FURTHER RELIEF**

Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

9. **RIGHT TO ASSERT OTHER OBJECTIONS**

By stipulating to the entry of this Order, no party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: June 29, 2007

JORDAN ETH
PAUL FLUM
TERRI GARLAND
RAYMOND M. HASU

MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

By:  /s/ Paul Flum
Paul Flum
Attorneys for Defendants

Dated: June 29, 2007

ALAN R. PLUTZIK
BRAMSON PLUTZIK MAHLER &
BIRKHAEUSER LLP
2125 Oak Grove Road, Suite 120
Telephone: (925) 945-0200
Facsimile: (925) 945-8792

By:  /s/ Alan R. Plutzik
Alan R. Plutzik

[PROPOSED] ORDER REGARDING CONFIDENTIALITY
Master File No. C-03-04743 WWS
sf-2329894

13

|   |   |
|---|---|
| 1 | RICHARD A. SCHIFFRIN |
| 2 | JOSEPH H. MELTZER<br>EDWARD W. CIOLKO |
| 3 | SCHIFFRIN & BARROWAY LLP<br>280 King of Prussia Road |
| 4 | Radnor, PA 19087<br>Telephone: (610) 667-7706 |
| 5 | Facsimile: (610) 667-7056 |
| 6 | ROBERT A. IZARD |
| 7 | SCHATZ NOBEL & IZARD, P.C.<br>20 Church Street, Suite 1700 |
| 8 | Hartford, CT 16103<br>Telephone: (860) 493-6292 |
| 9 | Facsimile: (860) 493-6290 |

Attorneys for Plaintiffs

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: _____July 5_____, 2007

_____
HONORABLE WILLIAM W SCHWARZER
United States District Judge

[PROPOSED] ORDER REGARDING CONFIDENTIALITY
Master File No. C-03-04743 WWS
sf-2329894

14

**EXHIBIT A**

**EXPERT ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY ORDER**

I, _____, [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Order Regarding Confidentiality that was issued by the United States District Court for the Northern District of California on _____ in the case of *In re JDS Uniphase Corporation ERISA Litigation*, No. C-03-04743 WWS (the "Order Regarding Confidentiality"). Capitalized terms in this document have the meanings set forth in the Order Regarding Confidentiality. I am not currently an employee or consultant and do not Anticipate becoming an employee or consultant of JDS Uniphase, of any company on the List of Competitors (which I have reviewed), or of any company that I believe to be a Competitor of JDS Uniphase. At no time during the eighteen months immediately preceding my engagement in this litigation have I been an employee or consultant of JDS Uniphase Corporation, of a predecessor of JDS Uniphase, of any company on the List of Competitors, or of any other company that I believe to be a Competitor of JDS Uniphase. I agree to comply with and to be bound by all the terms of the Order Regarding Confidentiality and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to the Order Regarding Confidentiality to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of the Order Regarding Confidentiality, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type

[PROPOSED] ORDER REGARDING CONFIDENTIALITY
No. C-03-04743 WWS
sf-2329894

1

full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Order Regarding Confidentiality.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

[PROPOSED] ORDER REGARDING CONFIDENTIALITY
No. C-03-04743 WWS
sf-2329894

2

# EXHIBIT B

## NON-EXPERT ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY ORDER

I, _____, [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Order Regarding Confidentiality that was issued by the United States District Court for the Northern District of California on _____ in the case of *In re JDS Uniphase Corporation ERISA Litigation*, No. C-03-04743 WWS (the "Order Regarding Confidentiality"). I agree to comply with and to be bound by all the terms of the Order Regarding Confidentiality and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to the Order Regarding Confidentiality to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of the Order Regarding Confidentiality, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of the Order Regarding Confidentiality.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

[PROPOSED] ORDER REGARDING CONFIDENTIALITY
No. C-03-04743 WWS
sf-2329894

1