IZARD NOBEL LLP
Robert A. Izard
Mark P. Kindall (Bar No. 138703)
Wayne T. Boulton
29 South Main St., Suite 215
West Hartford, CT 06107
Tel: (860) 493-6292
Fax: (860) 493-6290

-and-

BARROWAY TOPAZ KESSLER
  MELTZER & CHECK, LLP
Joseph H. Meltzer
Edward W. Ciolko
Mark K. Gyandoh
280 King of Prussia Rd.
Radnor, PA 19087
Tel: (610) 667-7706
Fax: (610) 667-7056

*Co-Lead Counsel for Lead Plaintiffs*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| IN RE JDS UNIPHASE CORPORATION ERISA LITIGATION<br>This Document Relates To:<br>ALL ACTIONS | Master File No. C 03-CV-04743 (CW)<br><br>Judge: Hon. Claudia Wilken |

**[PROPOSED] ORDER APPROVING PLAN OF ALLOCATION**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| IN RE JDS UNIPHASE CORPORATION ERISA LITIGATION<br>This Document Relates To:<br>ALL ACTIONS | Master File No. C 03-CV-04743 (CW)<br><br>Judge: Hon. Claudia Wilken |

## PLAN OF ALLOCATION

**I.    Definitions**

    A.    Except as indicated in this Plan of Allocation, the capitalized terms used herein shall have the meanings ascribed to them in the Settlement Agreement.

    B.    "Claims Administrator" means any third party vendor reasonably agreed upon by the Parties.

    C.    "Net Proceeds" means the Settlement Fund, less: (i) the Settlement Administrative Costs; (ii) any Case Contribution Awards that the Court approves for payment from the Settlement Fund pursuant to Section 10.2-10.3 of the Settlement Agreement; (iii) any expenses with respect to post-settlement proceedings and administration that the Court approves for payment from the Settlement Fund under Article 8 of the Settlement Agreement; (iv) Court approved attorneys' fees and expenses; and (v) such other deductions and payments from the Settlement Fund as the Court may allow.

    D.    "Settlement Administrative Costs" means the taxes and other amounts paid or payable from the Settlement Fund pursuant to Section 7.1.2.2 of the Settlement Agreement.

    E.    "Settlement Class Member" means a member of the Settlement Class.

F. "Settlement Class Period" means the period between February 4, 2000 and September, 30, 2006, inclusive.

## II. Notice and Estimated Settlement Administrative Costs

A. Pursuant to and in full compliance with Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finds and concludes that due and adequate notice was directed to all Persons who are Settlement Class Members who could be identified with reasonable effort, advising them of the Plan of Allocation and of their right to object thereto, and that a full and fair opportunity was accorded to all of the Settlement Class Members to be heard with respect to the Plan of Allocation.

B. The accrued and estimated Settlement Administrative Costs are reasonable and appropriate given the scope and the size of the proposed Settlement Class, the negotiated relief and the related costs of providing adequate notice.

## III. Calculation of Allocation

A. For each Settlement Class Member, the Claims Administrator shall determine the approximate net loss ("Net Loss") as follows: Net Loss = A + B - C - D, where, for each Settlement Class Member's account:

1. A = the dollar value, if any, of the balance in JDSU common stock or units on the first day of the Class Period;

2. B = the dollar value, if any, of all purchases of JDSU common stock or units during the Class Period as of the time of purchase(s);

3. C = the dollar value, if any, of all dispositions of JDSU common stock or units during the Class Period as of the time of the sale(s); and

    4. D = the dollar value, if any, of JDSU common stock or units remaining on the last day of the Class Period.

  B. The Net Losses of the Settlement Class Members as calculated in Section III.A above will be totaled to yield the loss of the Plans as a whole over the Class Period (the "Plans' Loss").  The Claims Administrator shall calculate for each Settlement Class Member his or her "Preliminary Fractional Share" of the Plans' Loss, i.e., by dividing each Settlement Class Member's Net Loss by the Plans' Loss.

  C. The Claims Administrator shall then calculate for each Settlement Class Member his or her "Preliminary Dollar Recovery" of the Net Settlement Fund Proceeds by multiplying the Settlement Class Member's Preliminary Fractional Share by the Net Settlement Fund Proceeds.

  D. The Claims Administrator shall identify all Settlement Class Members whose Preliminary Dollar Recovery is greater than zero but less than a minimum amount of ten dollars ($10.00) (the "Minimum Amount").  All such Settlement Class Members shall receive an allocation from the Net Settlement Fund Proceeds of the Minimum Amount.

  E. The Claims Administrator shall then, taking into account the Settlement Class Members who receive the Minimum Amount, recalculate the Preliminary Fractional Shares and the Preliminary Dollar Recoveries as many times as necessary so as to arrive at the "Final Fractional Share" and the "Final Dollar Recovery" for each Settlement Class Member. The sum of the Final Dollar Recoveries must equal the Net Proceeds.

**IV. Distribution of the Allocated Amounts**

  A. As soon as practicable after the calculations pursuant to Section III above, Class Counsel shall direct the Escrow Agent to deposit the Net Proceeds into the JDSU Plan.

B.     Settlement Class Members With Accounts Under the Plan.  As promptly as possible after deposit of the Net Proceeds into the Plan, the Plan Trustee shall deposit into each Settlement Class Member's account under the Plan his or her Final Individual Dollar Recovery as calculated above, less any additional expenses or administrative charges approved by the Court. The deposited amount shall be allocated among the Settlement Class Member's investment options in accordance with the existing investment elections then in effect and treated thereafter for all purposes under the Plan as assets of the Plan properly credited to that Settlement Class Member's account, unless otherwise agreed to by Class Counsel and Counsel for Defendants.

C.     Settlement Class Members Without Accounts Under the Plan.  With respect to Settlement Class Members who withdrew their accounts under the Plans after the beginning of the Settlement Class Period, the Plan Trustee will establish an account for each such Settlement Class Member and deposit into that account the Settlement Class Member's Final Individual Dollar Recovery. Each such Settlement Class Member will be notified of the account along with further instructions from the Plan Trustee, in consultation with the Parties.

D.     Unlocatable Settlement Class Members.  If any Settlement Class Member with a Final Individual Dollar Recovery cannot be located despite reasonable efforts, such Settlement Class Member's Final Individual Dollar Recovery shall be administered in accordance with the procedures of the Plan regarding unlocatable participants.  If any Settlement Class Member with a Final Individual Dollar Recovery is deceased, such Settlement Class Member's Final Individual Dollar Recovery shall be administered in accordance with the procedures of the Plan regarding deceased participants.

**V.     Qualifications and Continuing Jurisdiction**

A. In light of the manner in which the data is kept and the ease with which it can be manipulated, it may be appropriate to simplify some of the features of these calculations. Such simplifications are acceptable as long as the two basic features of the distribution of the Net Proceeds are preserved: (1) that each Settlement Class Member receives a proportionate share of the Net Proceeds based approximately on the decline in the value of JDSU common stock held in the Settlement Class Members' account over the Class Period in comparison with the decline in value of JDSU common stock held by all other Settlement Class Members; and (2) that the distribution take place through the Plan so as to realize any potential tax advantage of investment in the Plan. Any such changes will be presented to the Court for approval pursuant to Section V.B below.

B. The Court will retain jurisdiction over the Plan of Allocation to the extent necessary to ensure that it is fully and fairly implemented.

SO ORDERED this 4th day of May, 2010.

*Claudia Wilken*
_____
HON. CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE